UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-244-MOC-DCK

| | | |
|---|---|---|
| STEPHANIE JOHNSON, individually and on behalf of A.J., a child with a disability, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CHARLOTTE-MECKLENBURG SCHOOLS BOARD OF EDUC., | ) ) ) ) | ORDER |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Consider Additional Evidence. (Doc. No. 16).

## I. BACKGROUND

This is a civil action brought under the Individuals with Disabilities Act ("IDEA") and corresponding state law seeking review of an Administrative Law Judge's decision to grant a motion for summary judgment in the underlying administrative proceeding. The motion for summary judgment was granted in favor of Defendant and disposed of all claims against Defendant before a due process hearing. (Final Decision, R. Section 12-1, pp. 108-110).

The ALJ's summary judgment decision was based on the arguments of counsel at the summary judgment hearing, applicable law, and the following documents, all of which are already part of the administrative record filed in this Court:

a. Respondent's Motion for Summary Judgment along with the affidavits of Erin Barksdale, principal; Michelle Collis, speech/language pathologist; Courtney Faithfull, school psychologist; Rhonda Gomez, special education

1

> administrator Kimberly Morris, accountability specialist; and Meghan Ross, itinerant coordinating teacher and accompanying Exhibits; and
>
> b. Petitioner's Opposition to Motion for Summary Judgment and Memorandum of Law in Support along with the affidavit of Petitioner S.J. and accompanying Exhibits.

(Final Decision, R Section 12-1 p. 108).

During the second layer of administrative review at the Department of Public Instruction ("DPI"), Plaintiff made a motion to the State Review Hearing Officer ("SHRO") to supplement the record with additional evidence not presented to the ALJ at the time of hearing. The SHRO at DPI denied Plaintiff's motion and affirmed the ALJ's decision on summary judgment based on the administrative record received from the Office of Administrative Hearings and facts drawn from "the motions, responses, and transcript of the hearing on Summary Judgment." (Notice of Filing of Supplement to Administrative Record, Ex. A, pp. 1, Doc. No. 15). Plaintiff now brings the pending motion for additional evidence, in which Plaintiff seeks to present additional evidence, including Exhibits 1-3, 8-9 and 19-20, which are certain psychological and medical records of A.J, and Exhibits 4-7 and 10-18, which are A.J.'s student records.

In opposing Plaintiff's motion for the court to consider new evidence, Defendant contends that this Court's review of the ALJ's summary judgment decision should be limited to the same record from the administrative proceeding that the ALJ and SHRO relied on in reaching their final decisions. For the following reasons, the Court agrees.

## II. STANDARD OF REVIEW

"The IDEA provides that a federal court reviewing a state administrative decision "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall

grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C) (emphasis added))." R.S. v. Bd. of Dirs. of Woods Charter Sch. Co., No. 1:16cv119, 2017 WL 354270, at **3-4 (M.D.N.C. Jan. 24, 2017). "To avoid undermining the administrative proceeding, the Fourth Circuit Court of Appeals has construed the term 'additional evidence' narrowly." Id. at *4 (citing Springer v. Fairfax Cty. Sch. Bd., 134 F.3d 659, 667 (4th Cir. 1998)).

"In Springer, the Fourth Circuit explained that '[a] lax interpretation of 'additional evidence' would reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the [IDEA]'s judicial review mechanism into an unrestricted trial de novo." Id. (internal quotation marks omitted). "The Springer Court further explained that '[a] lenient standard for additional evidence would [thus] have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case.'" Id. "The Springer Court therefore reasoned that the exclusion of evidence available during the administrative proceeding 'properly encourages thorough administrative review of special education disputes,' 'facilitates the resolution of these disputes sooner rather than later,' and 'advances the aims of Congress in [IDEA].'" Id.

Federal District courts "routinely limit the introduction of 'additional evidence' to address circumstances that remained beyond a party's control during the administrative proceeding, such as:

> a. 'unavailability of a witness;'
> b. 'evidence concerning relevant events occurring subsequent to the administrative hearing,'
> c. evidence that "the requesting party could not have, by due diligence, discovered . . . in time to offer it at the administrative hearing,
> d. 'evidence [that] was improperly excluded from the administrative hearing,' or
> e. 'evidence [that] is needed to repair gaps in the administrative transcript caused

3

> by mechanical failure.'"

Id. (internal citations omitted).

"The requesting party bears the threshold burden of demonstrating that the supplemental evidence should be admitted on these bases." Y.B. v. Bd. of Educ. of Prince George's Cnty., 895 F. Supp. 2d 689, 703 (D. Md. 2012). Ultimately, the district court possesses discretion "to limit the introduction of 'additional evidence' under the IDEA." Schaffer ex rel. Schaffer v. Weast, 554 F.3d 470, 476 (4th Cir. 2009).

## III. DISCUSSION

Here, supplementation of additional evidence to the administrative record that was gathered outside of the ALJ's summary judgment hearing is inadmissible and inappropriate. Plaintiff's motion fails to address how any of the newly offered evidence in Exhibits 1 through 22 meet any of the bases for additional evidence recognized by the Fourth Circuit in IDEA cases above. The standard for summary judgment is designed to avoid a trial where the nonmoving party has failed to establish that there are any genuine issues of material fact. FED. R. CIV. P. 56(c). When challenged on summary judgment, the burden shifts to the Plaintiff to produce a forecast of evidence showing "specific facts illustrating genuine issues for a trial." Washington v. Kroger Ltd. P'ship I, No. 3:11-cr-00074, 2012 WL 6026138, at *2 (W.D. Va. Dec. 4, 2012); see also, e.g., Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315 (4th Cir. 1993).

Here, Plaintiff consented to a summary judgment hearing nearly one month in advance of the hearing date and received Defendant's Brief and Affidavits twelve days in advance of the summary judgment hearing. (Consent Scheduling Order, R Section 12-1 pp. 103-104). Plaintiff was given until the day before the summary judgment hearing to file her own affidavits in opposition to Defendant's Motion for Summary Judgment. (Id.).

In opposing summary judgment, the only sworn testimony Plaintiff offered was the affidavit of the parent expressing her disagreement with the educational decisions made by the professional educators employed by Defendant and her personal interpretation of certain facts. (Affidavit, R Section 12-3 pp. 71-74). The ALJ thereafter ruled that Plaintiff failed to carry her burden as a matter of law on summary judgment. (Final Decision, R Section 12-1 pp. 105-111). Plaintiff may not now attempt to satisfy her burden of production at the summary judgment phase through a round-about attempt to introduce additional evidence in federal court under 20 U.S.C. § 1415(i)(2)(C).

First, Exhibits 1-3, 8-9, and 19-20 are certain psychological and medical records of A.J. Exhibits 4-7 and 10-18 are A.J.'s student records. Plaintiff could have, but chose not to, attach these documents as evidence to a brief or affidavit in opposition to Defendant's summary judgment motion before the ALJ. Addition of this evidence into the record now would be prejudicial because it was not considered by the ALJ at the summary judgment hearing or relied on by the ALJ in reaching the summary judgment decision.

Next, Exhibit 21 is the sworn affidavit of Marentha Moore, dated March 19, 2019, nearly one month after the ALJ's summary judgment decision was rendered. (Final Decision, R Section 12-1 pp. 108-110). Plaintiff's only argument for the addition of this new evidence is that the evidence "would have been submitted at the due process hearing, were it to have taken place." (Plaintiff's Motion for Court to Consider Additional Evidence, ¶ 28, Doc. No. 16). Plaintiff's argument lacks any explanation for as to why Ms. Moore's affidavit was not submitted as evidence in opposition to Defendant's summary judgment motion. Therefore, addition of this evidence into the record now would be prejudicial because it was not considered by the ALJ at the summary judgment hearing or relied on by the ALJ in reaching the summary judgment

5

decision.

Finally, Exhibit 22 is the sworn affidavit of Plaintiff, which is already part of the administrative record in this Court.  (Affidavit of S.J., R Section 12-3 pp. 71-74).  Therefore, addition of Exhibit 22 into the court record now would be duplicative and futile.

In sum, for the reasons stated herein, Plaintiff's Motion to Consider Additional Evidence, (Doc. No. 16), is **DENIED**.

**IT IS, SO ORDERED**.

Signed: November 8, 2019

Max O. Cogburn Jr.
United States District Judge