UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-244-MOC-DCK

| STEPHANIE JOHNSON, individually | ) | |
| and on behalf of T.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLOTTE-MECKLENBURG | ) | ORDER |
| SCHOOLS BOARD OF EDUC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Consider Additional Evidence.[1] (Doc. No. 23).

### I. BACKGROUND

This is a civil action brought under the Individuals with Disabilities Act ("IDEA") and corresponding state law seeking review of an Administrative Law Judge's ("ALJ") decision to grant Defendant's summary judgment motion. The ALJ disposed of all of Plaintiff's claims against Defendant before a due process hearing. (Order, R. pp. 170-171; ALJ's Final Decision, R. p. 82). The ALJ's summary judgment decision was based on counsels' arguments at the summary judgment hearing, applicable law, and the following documents, all of which are part of the administrative record filed in this Court:

a. Respondent's Motion for Summary Judgment along with the affidavits of Erin

---

[1] This matter has been consolidated with Case No. 3:19cv257, and the pending motion was originally filed in that case.

1

Barksdale, principal; Kimberly Morris, accountability specialist; and Meghan Ross, Itinerant Coordinating Teacher and accompanying Exhibits;

b. Petitioner's Opposition to Motion for Summary Judgment and Memorandum of Law in Support along with the affidavit of Petitioner S.J. and accompanying Exhibits.

(Final Decision, R. p. 81).

During the second layer of administrative review at the Department of Public Instruction ("DPI"), Plaintiff made a motion to the State Review Hearing Officer ("SHRO") to supplement the record with additional evidence not presented to the ALJ at the time of hearing. The SHRO denied Plaintiff's motion for additional evidence. (SHRO Decision, R p. 4, ¶ 16). The SHRO affirmed the ALJ's decision on summary judgment as to issues 1, 2, 5, and 7 and reversed as to issues 3, 4, and 6. (SHRO Decision, R. p. 4). Just as with the ALJ below, the SHRO based its decision on the administrative record received from the Office of Administrative Hearings and facts drawn from "the motions, responses, and transcript of the hearing on Summary Judgment." (SHRO Decision, R. p. 1). Plaintiff now brings the pending motion for additional evidence. In opposing Plaintiff's motion for the court to consider new evidence, Defendant contends that this Court's review of the ALJ's summary judgment decision should be limited to the same record from the administrative proceeding that the ALJ and SHRO relied on in reaching their final decisions. For the following reasons, the Court agrees.

II. STANDARD OF REVIEW

"The IDEA provides that a federal court reviewing a state administrative decision "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C) (emphasis

2

added)." R.S. v. Bd. of Dirs. of Woods Charter Sch. Co., No. 1:16cv119, 2017 WL 354270, at **3-4 (M.D.N.C. Jan. 24, 2017). "To avoid undermining the administrative proceeding, the Fourth Circuit Court of Appeals has construed the term 'additional evidence' narrowly." Id. at *4 (citing Springer v. Fairfax Cty. Sch. Bd., 134 F.3d 659, 667 (4th Cir. 1998)).

"In Springer, the Fourth Circuit explained that '[a] lax interpretation of 'additional evidence' would reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the [IDEA]'s judicial review mechanism into an unrestricted trial de novo." Id. (internal quotation marks omitted). "The Springer Court further explained that '[a] lenient standard for additional evidence would [thus] have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case.'" Id. "The Springer Court therefore reasoned that the exclusion of evidence available during the administrative proceeding 'properly encourages thorough administrative review of special education disputes,' 'facilitates the resolution of these disputes sooner rather than later,' and 'advances the aims of Congress in [IDEA].'" Id.

Federal District courts "routinely limit the introduction of 'additional evidence' to address circumstances that remained beyond a party's control during the administrative proceeding, such as:

> a. 'unavailability of a witness;'
> b. 'evidence concerning relevant events occurring subsequent to the administrative hearing,'
> c. evidence that "the requesting party could not have, by due diligence, discovered . . . in time to offer it at the administrative hearing,
> d. 'evidence [that] was improperly excluded from the administrative hearing,' or
> e. 'evidence [that] is needed to repair gaps in the administrative transcript caused by mechanical failure.'"

3

Id. (internal citations omitted).

"The requesting party bears the threshold burden of demonstrating that the supplemental evidence should be admitted on these bases." Y.B. v. Bd. of Educ. of Prince George's Cnty., 895 F. Supp. 2d 689, 703 (D. Md. 2012).  Ultimately, the district court possesses discretion "to limit the introduction of 'additional evidence' under the IDEA." Schaffer ex rel. Schaffer v. Weast, 554 F.3d 470, 476 (4th Cir. 2009).

### III. DISCUSSION

Here, supplementation of additional evidence to the administrative record gathered outside of the ALJ's summary judgment hearing is inadmissible and inappropriate.  Plaintiff's motion fails to address how the newly offered evidence meets any of the bases for additional evidence recognized by the Fourth Circuit in IDEA cases above.  The standard for summary judgment is designed to avoid a trial where the nonmoving party has failed to establish that there are any genuine issues of material fact.  FED. R. CIV. P. 56(c).  When challenged on summary judgment, the burden shifts to the Plaintiff to produce a forecast of evidence showing "specific facts illustrating genuine issues for a trial." Washington v. Kroger Ltd. P'ship I, No. 3:11-cr-00074, 2012 WL 6026138, at *2 (W.D. Va. Dec. 4, 2012); see also, e.g., Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315 (4th Cir. 1993).

Plaintiff consented to a summary judgment hearing nearly one month before the hearing date and received Defendant's Memorandum of Law and Affidavits twelve days before the summary judgment hearing.  (Consent Scheduling Order, R. p. 178).  Plaintiff was given until the day before the summary judgment hearing to file her own affidavits in opposition to Defendant's summary judgment motion.  In opposition to summary judgment, the only sworn testimony Plaintiff offered was the affidavit of the parent expressing her disagreement with the

4

educational decisions made by the professional educators employed by Defendant and her personal interpretation of certain facts. (Affidavit, R. pp. 214-217). The ALJ ruled that Plaintiff failed to carry her burden as a matter of law on summary judgment. (ALJ's Final Decision, R. p. 82). It is too late now for Plaintiff to attempt to satisfy her burden of production at the summary judgment phase through a round-about attempt to introduce additional evidence in federal court under 20 U.S.C. § 1415(i)(2)(C).

Plaintiff would like to add Exhibits 1-30, attached to her motion. First, Exhibits 1-26 and 30 are T.S.'s student records. Plaintiff could have attached these documents as evidence to a brief or affidavit in opposition to Defendant's summary judgment motion, but she did not. Next, Exhibits 27-29 are documents related to a Sylvan Learning Reading, Math and Writing Assessment for T.S. dated May 22, 2019, almost one month after the summary judgment hearing in OAH. Plaintiff's only argument for the addition of this new evidence is that the court's application of the summary judgment standard "improperly excluded the Plaintiffs from submitting evidence at the due process hearing." (Doc. No. 15 at ¶ 22). Plaintiff's argument is devoid of any explanation for why these documents were not submitted as evidence in opposition to Defendant's summary judgment motion. Addition of this evidence into the record now would be futile and prejudicial because it was not considered by the ALJ at the summary judgment hearing or relied on by the ALJ or SHRO in reaching or reviewing the summary judgment decision—the sole issue for review in this Court.

In sum, for the reasons stated herein, Plaintiff's Motion to Consider Additional Evidence, (Doc. No. 23), is **DENIED**.

**IT IS SO ORDERED**.

Signed: March 4, 2020

Max O. Cogburn Jr.
United States District Judge