UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-244-MOC-DCK
3:19-cv-257-MOC-DSC

| STEPHANIE JOHNSON, individually and on behalf of T.S., | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CHARLOTTE-MECKLENBURG SCHOOLS BOARD OF EDUC., | ) ) ) ) | |
| Defendant. | ) ) | |
| STEPHANIE JOHNSON, individually and on behalf of A.J., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CHARLOTTE-MECKLENBURG SCHOOLS BOARD OF EDUC., | ) ) ) ) | **ORDER** |
| Defendant. | ) ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Rule 11 Sanctions. (Doc. No. 42).

I.  PROCEDURAL BACKGROUND

At the time of these due process actions, A.J. and T.S. were students of Renaissance West Academy, an elementary school located in the Charlotte-Mecklenburg School District. On

1

August 28, 2018, and August 31, 2018, Plaintiff filed due process petitions for both A.J. and T.S., alleging various denials of a free and appropriate education and violations of the IDEA by Defendant Charlotte Mecklenburg Schools (Defendant or "CMS"). Defendant filed responses denying all allegations in the underlying due process petitions and litigation commenced in the administrative phase at the Office of Administrative Hearings ("OAH").

During litigation at OAH in both cases, the ALJ found that Plaintiff failed to produce a forecast of evidence that raised a genuine issue of material fact as to any of the claims in both A.J. and T.S. and dismissed both cases with prejudice. Thereafter, a State Hearing Review Officer ("SHRO") for the North Carolina Department of Public Instruction conducted an independent review of the ALJ's Decision in A.J. and T.S. The SHRO affirmed the ALJ's grant of summary judgment in its entirety for A.J. and reversed, in part, the ALJ's grant of summary judgment in T.S.

In June of 2019, Plaintiff filed two original actions in this Court challenging the findings of the ALJ and SHRO in both A.J. v. CMS and T.S. v. CMS. Defendant filed Answers to both lawsuits and this Court entered pre-trial case management orders. The Court subsequently consolidated the A.J. and T.S. cases for hearing. The parties filed cross motions for summary judgment as the appropriate mechanism to achieve final resolution under the IDEA, and Defendant filed a separate motion to dismiss pursuant to 12(b)(1) of the Federal Rules of Civil Procedure to challenge subject-matter jurisdiction in both cases based on mootness. Plaintiff opposed Defendant's motion. After accepting written legal argument from the parties, this Court held a hearing on June 16, 2020, on the parties' competing summary judgment motions and on Defendant's motion to dismiss. Plaintiff filed the pending sanctions motion on June 22, 2020. On July 10, 2020, this Court granted Defendant's motion to dismiss for lack of jurisdiction.

## II. DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
> (c) Sanctions.
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Rule 11 motions should be used sparingly, and sanctions "shall be limited to what is sufficient to deter repetition of such conduct…." FED. R. CIV. P. 11(c)(2). The 1993 Advisory Committee Notes to Rule 11 emphasize that Rule 11 motions should not be prepared or threatened for insignificant violations of the rule. 1993 Rule 11 Advisory Committee Notes. Indeed, a "claim of violation of Rule 11 is a serious charge and can itself form the basis of a Rule 11 sanction." Harris v. WGN Cont'l Broad. Co., 650 F. Supp. 568, 576 (N.D. Ill. 1986).

The standard of review for a motion for sanctions under Rule 11 is an objective one, determining whether an attorney or party has conducted "an inquiry reasonable under the circumstances." FED. R. CIV. P. 11(b). A district court's Rule 11 determinations are reviewed under an abuse of discretion standard. Blue v. United States Dep't of Army, 914 F.2d 525, 538 (4th Cir. 1990). A district court "is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve Rule 11's goal of specific

3

and general deterrence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 404 (1990). A party may be sanctioned for conduct that is "so excessive as to eliminate a proper purpose." In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990).

In support of the sanctions motion, Plaintiff contends that Rule 11 sanctions are appropriate here because the motion to dismiss—filed by Defendant only after Defendant had filed a summary judgment motion—constituted a duplicative motion filed for an improper purpose, in that it was filed as an abusive tactic to increase litigation costs and expand procedural rights. The Court finds that Rule 11 sanctions are not appropriate. Although Defendant could have, and probably should have, included the motion to dismiss based on mootness in its summary judgment motion rather than in a separate motion to dismiss, and although Defendant could have filed the motion to dismiss at an earlier date, the failure to do so does not rise to the level of conduct warranting Rule 11 sanctions. Here, Defendant's separate filing of the motion to dismiss did not create any delay in the legal proceedings. In fact, the Court noticed and heard oral arguments on both the motion to dismiss and the parties' summary judgment motions on June 16, 2020. Therefore, Plaintiff has not shown that any delay occurred, let alone an "unnecessary delay" for the purposes of Rule 11 sanctions.

Finally, to the extent that Plaintiff contends that Defendant lacked the procedural right to file the motion to dismiss after filing a summary judgment, this contention is incorrect. The Federal Rules of Civil Procedure specifically state that lack of subject matter jurisdiction (12(b)(1)) may be determined at "any time." FED. R. CIV. P. 12(h)(3). See Hu v. Skadden, 76 F. Supp. 2d 476, 478 (S.D.N.Y. 1999) (granting motion to dismiss for lack of subject matter jurisdiction after motion to dismiss was filed over two years after ADEA lawsuit was filed and over six months after partial summary judgment was granted to defendant); E.W. v. School Bd.

of Miami-Dade Cty. Fla., 307 F. Supp. 2d 1363, 1370 n.26 (S.D. Fla. 2004) ("…under Fed. R. Civ. P. 12(h)(3), an objection to subject matter jurisdiction can be made at any time."). Indeed, "[i]t is never too late in the progression of an action for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 12(b)(1)." Hu, 76 F. Supp. 2d at 478. In sum, the Court finds that Defendant's filing of the motion to dismiss after filing the summary judgment motion simply does not rise to the level of conduct warranting Rule 11 sanctions.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Rule 11 Sanctions, (Doc. No. 42), is **DENIED**.

Signed: August 12, 2020

Max O. Cogburn Jr.
United States District Judge

5

Case 3:19-cv-00244-MOC-DSC    Document 51    Filed 08/13/20    Page 5 of 5